**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4506**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY MILES, a/k/a Antmoe,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge.  (1:16-cr-00078-CCB-5)

Submitted:  March 29, 2019                                        Decided:  April 5, 2019

Before MOTZ and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Michael F. Smith, THE SMITH APPELLATE LAW FIRM, Sykesville, Maryland, for Appellant.  Michael Clayton Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Miles appeals his conviction and 72-month sentence imposed following his guilty plea to possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Miles' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Miles' guilty plea and the reasonableness of Miles' sentence. Miles has filed a pro se supplemental brief in which he likewise challenges his sentence. The Government has moved to dismiss the appeal based on the appeal waiver contained in Miles' plea agreement. For the reasons that follow, we dismiss in part and affirm in part.

We review de novo the validity of an appeal waiver. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agreed to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). Generally, if a court questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *Id.*

2

Our review of the Rule 11 colloquy and the plea agreement confirms that Miles knowingly and voluntarily waived his right to appeal whatever sentence the district court imposed. We therefore conclude that the valid appeal waiver bars any challenge to Miles' sentence, which is within the applicable 20-year statutory maximum, *see* 21 U.S.C. § 841(b)(1)(C) (2012), and consistent with the Fed. R. Crim. P. 11(c)(1)(C) plea agreement entered into by the parties. Accordingly, we grant the Government's motion in part and dismiss the appeal as to Miles' sentencing claims.

Because a defendant cannot waive a colorable claim that his plea was not knowing and voluntary, *see, e.g., United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994), we consider the validity of Miles' guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he relinquishes by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Miles did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Lockhart*, 917 F.3d 259, 262 (4th Cir. 2019). Based on our review of the Rule 11 hearing, we conclude that the plea was knowing, voluntary, and supported by an independent basis in fact, and that the district court therefore committed no error in accepting Miles' valid guilty plea.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of Miles' valid appeal waiver. To the extent Miles suggests that his lawyers provided ineffective assistance, we conclude that ineffective assistance of counsel does not conclusively appear on the face of this record and, thus, we decline to address this claim on direct appeal.[*] *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Accordingly, we dismiss the appeal in part and affirm in part.

This court requires that counsel inform Miles, in writing, of the right to petition the Supreme Court of the United States for further review. If Miles requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Miles. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

[*] Miles' ineffective assistance of counsel claim is more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion as to the merits of such a claim.